The Honorable Brent Haltom Prosecuting Attorney Miller County Courthouse Texarkana, AR 72205
Dear Mr. Haltom:
This is in response to your request for an opinion regarding A.C.A. § 27-101-111. You note that there is some uncertainty in Miller County as to which agency has authority to make purchases out of "County Fund 27". I assume that this fund is comprised of fees generated under subchapters 1-3 of Chapter 101 of Title 27 of the Arkansas Code (A.C.A. § 27-101-103 et seq. (Supp. 1987)).
It is not clear from your question whether the sheriff has established a patrol on the waterways within the county, such that the fees may be deposited to the credit of the "boating safety and enforcement fund." A.C.A. § 27-101-111(b) (Supp. 1989). See also Att'y Gen. Op. No. 90-215 (copy enclosed). If this has in fact occurred, it may reasonably be concluded that the sheriff has authority to administer the funds, consistent with his duty under § 27-101-105 (Supp. 1989) to enforce the provisions of subchapters 1-3 of chapter 101 of Title 27, pertaining to watercraft and the operation of vessels on any waters within the territorial limits of the sheriff's office.See also A.C.A. § 27-101-107(b).
If a water patrol has not been established, the county treasurer must deposit the county's share of the fees into the "county emergency rescue fund," assuming that the county or any city or town within the county, or both, has established an emergency rescue service. A.C.A. § 27-101-111(c)(1) (Supp. 1989). Otherwise, the fees must be deposited into the Game Protection Fund for use by the
Arkansas Game and Fish Commission. A.C.A. § 27-101-111(c)(2) (Supp. 1989).
With regard to the "county emergency rescue fund," assuming that the county has established an emergency rescue service, it is my opinion that the entity in charge of the service has the authority and responsibility to administer the funds deposited into the county emergency rescue fund under § 27-101-111(c)(1) (Supp. 1989). We lack information with respect to the particular emergency rescue service in place in Miller County, and therefore cannot make a final determination in this regard. It should be noted, however, that § 27-101-111(c)(1) does not clearly identify either the office of emergency services or the sheriff's office as the designated recipient of the funds. This compels the conclusion that reference must be made to the particular county emergency rescue service. Whoever operates and maintains that service will, in my opinion, administer the funds.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb